REED *versus* GILBERT, *Administrator.*

One of several heirs, to whom land and personal estate descended, may be a
witness for the administrator, after having conveyed his interest in the land,
and released to the administrator *as such,* his interest in the personal pro-
perty.

An inventory of property duly returned to the Probate Office, is proof, *prima
facie,* that no other property belonged to the estate.

EXCEPTIONS from the District Court.

Assumpsit against an administrator on an account against
the intestate.

The inventory exhibited one lot of land and some personal
property, belonging to the estate. The defendant offered one
of the heirs as a witness. The plaintiff objected to his ad-
missibility. The defendant then showed, that the witness
had conveyed his interest in said lot of land to a third person,
and had released to the administrator, *as such,* his interest in
the personal property. It was not shown, that there was any
other land belonging to the estate.

RICE, J. admitted the witness, and the verdict was for the
defendant.

*Merrill,* for the plaintiff.

The heir was interested to defeat this claim against the
estate. His distributive share would thereby be enlarged.

His deed of land was only of a single lot. There might
be other lands belonging to the estate.

Neither did his release to the administrator discharge his
interest in the personalty. For the administrator was but a
trustee of the heirs. A release of property to one's own trus-
tee does not diminish the interest of releasor, the cestui que
trust.

*Gilbert,* for the defendant.

WELLS, J., orally. — The inventory is to be considered,
*prima facie,* as embracing all the land belonging to the estate.
It was not shown, in this case, that any land descended to
the witness except that which he conveyed. It is not an *unseen*

and *mere possible* interest, which excludes a witness; it must be an *apparent* one. The deed therefore was a sufficient discharge of the witness' interest as to real estate.

What disposition the administrator would be bound to make of the avails of the personalty, need not now be determined. But in no event could a suit against him be maintained by this witness for his share. Such a suit would be barred by the release.

*Exceptions overruled.*